IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 04-43936-H3-13 |
| | § | |
| PHYLLIS B TYLER, | § | |
| Debtor | § | CHAPTER 13 |
| | § | |
| US BANK, NA, IT'S SUCCESSORS AND/OR ASSIGNS, | § § | |
| Movant | § | FINAL HEARING DATE: 01/25/2006 |
| | § | |
| v. | § | TIME: 10:30 AM |
| | § | |
| PHYLLIS B TYLER; and WILLIAM HEITKAMP, Trustee | § § | |
| Respondents | § | JUDGE LETITIA Z. CLARK |

CHAPTER 13
AGREED ORDER CONDITIONING AUTOMATIC STAY (HOME)
(This Order resolves Docket # 34)

1. This Order concerns the note that is secured by the Debtor(s)' home and that is held, directly or in capacity as agent for the holder, by US BANK, NA, IT'S SUCCESSORS AND/OR ASSIGNS, "Movant". The property that is the subject of this motion is:

    4507 PARK BREEZE DRIVE
    FRESNO, TX 77545-0000

    LOT FIVE (5), IN BLOCK TWO (2), OF TEAL RUN, SECTION TEN (10), AN
    ADDITION IN FORT BEND COUNTY, TEXAS, ACCORDING TO THE MAP OR
    PLAT THEREOF RECORDED IN SLIDE NO. 1933/A OF THE PLAT RECORDS OF
    FORT BEND COUNTY, TEXAS.

(the "Property"). Notices sent pursant to this Order must be sent to:

    NATIONAL DEFAULT SERVICING CORPORATION
    2525 CAMELBACK, STE 200
    SUITE 200
    PHOENIX, AZ 85012

    BARRETT BURKE WILSON CASTLE DAFFIN & FRAPPIER, L.L.P.
    1900 ST. JAMES PLACE, SUITE 500
    HOUSTON, TEXAS 77056

(if to "Movant") and to:

PHYLLIS B TYLER
4507 PARK BREEZE DR
FRESNO, TX 77545-0000

MICHAEL J. PLEDGER
3120 SOUTHWEST FRWY, STE 218
HOUSTON, TX 77098
ATTORNEY FOR DEBTOR

(if to "Debtor").

    *2. By signing below, the Debtor(s) represent to the Court that the Debtor(s):*
*A. If they are a salaried or wage employee, are currently operating under a wage order or have submitted all information to the chapter 13 trustee for the presentation of a wage order to the Court.*
*B. If they are not a salaried or wage employee, are currently operating under an automated clearinghouse order or have submitted all information to the chapter 13 trustee for the presentation of an automated clearinghouse order to the Court.*

    3. The parties stipulate that unpaid amounts due post-petition total is $3,166.86 and that Movant should be awarded attorneys fees and costs in the amount of $475.00 (not to exceed $650.00), for a total post-petition amount owed of $3,641.86. This amount will be reduced by any payments previously made by the Debtor(s) that have not been properly credited by Movant. Proof of any such payments must be provided to Movant within 30 days of the date of entry of this Order. Within 30 days after entry of this Order, the Debtor(s) must file a proposed modification of any confirmed plan or must amend any proposed plan to include this amount, with interest at an annual rate of **8.205%**. If the Debtors fail to do so, it is a Final Default under this Order. At the hearing on modification of the plan, the Debtors must be current on all payments to the chapter 13 trustee pursuant to the terms of the proposed modification. If the Debtors fail to do so, it is a Final Default under this Order.

    *4. The Debtor(s) must:*
*A. Timely make all regular payments concerning the Property that come due after entry of this Order, including all payments of principal, interest and escrows. Regular payments must be made directly to the Movant addressed to:*

NATIONAL DEFAULT SERVICING CORPORATION
U.S. BANK N.A.
4801 FREDERICA ST  BOX 20005
OWENSBORO, KY 42301

*or through the Chapter 13 Trustee, depending on the plan confirmed or proposed in this case.*
*B. Maintain insurance and pay all ad valorem taxes on the property and provide continuous proof of insurance and payment of ad valorem taxes to the holder of the note. This provision does not apply to escrowed taxes and insurance, payment of which is governed by paragraph 4A.*
*C. Make all payments due to the chapter 13 trustee after the date of this Order, with the amount of such payments being made in the amount required under the proposed modification.*

5. If the Debtor(s) fail to comply with paragraph 4 of this Order or make a payment by insufficient check, the Movant must give the Debtor(s) and Debtor(s)' counsel written notice by regular and by certified mail. If the Debtor(s) fail to comply within 10 days of the date that notice was sent, it is a Final Default under this Order. Movant is only required to send two notices of default under this order. If there is a third failure to comply with paragraphs 3 or 4, it is a Final Default and no further notice of an opportunity to cure must be given.

6. The automatic stay remains in effect until (i) there is a Final Default under this order; (ii) this case is dismissed; or (iii) the Debtor(s) receive their bankruptcy discharge. If the stay terminates because there is a Final Default, the Movant must file a notice of termination of the automatic stay. The Debtor may challenge any notice of termination by filing a motion to set aside the notice of termination. The motion must be filed within 10 days of the filing of the notice of termination. Pending consideration of the motion by the Court, the Movant may proceed with all actions preparatory to foreclosure, but may not consummate a foreclosure of the Property. Any co-debtor stay terminates at the time that the automatic stay terminates

**SO ORDERED:**

DATED: 1/30/2006

_____
UNITED STATES BANKRUPTCY JUDGE

AGREED AND ENTRY REQUESTED:

_____
Debtor

_____      _____      _____
Debtor                                /s/ MICHAEL J. PLEDGER               /s/ MONICA MARTINEZ

3120 SOUTHWEST FRWY,                  TBA NO. 24034555
STE 218                               1900 ST. JAMES PLACE,
HOUSTON, TX 77098                     SUITE 500
ATTORNEY FOR DEBTOR                   HOUSTON, TEXAS 77056
                                      TELEPHONE: (713) 621-8673
*Signed with*                         FACSIMILE: (972) 661-7702
*written*                             E-MAIL:
*permission*                          SDECF@BBWCDF.COM
                                      ATTORNEY FOR MOVANT

5. If the Debtor(s) fail to comply with paragraph 4 of this Order or make a payment by insufficient check, the Movant must give the Debtor(s) and Debtor(s)' counsel written notice by regular and by certified mail. If the Debtor(s) fail to comply within 10 days of the date that notice was sent, it is a Final Default under this Order. Movant is only required to send two notices of default under this order. If there is a third failure to comply with paragraphs 3 or 4, it is a Final Default and no further notice of an opportunity to cure must be given.

6. The automatic stay remains in effect until (i) there is a Final Default under this order; (ii) this case is dismissed; or (iii) the Debtor(s) receive their bankruptcy discharge. If the stay terminates because there is a Final Default, the Movant must file a notice of termination of the automatic stay. The Debtor may challenge any notice of termination by filing a motion to set aside the notice of termination. The motion must be filed within 10 days of the filing of the notice of termination. Pending consideration of the motion by the Court, the Movant may proceed with all actions preparatory to foreclosure, but may not consummate a foreclosure of the Property. Any co-debtor stay terminates at the time that the automatic stay terminates.

SO ORDERED:

ReservedForJudgeSignature

AGREED AND ENTRY REQUESTED:

Debtor

Debtor       /s/ MICHAEL J. PLEDGER    /s/ MONICA MARTINEZ

| 3120 SOUTHWEST FRWY, STE 218 HOUSTON, TX 77098 ATTORNEY FOR DEBTOR | TBA NO. 24034555 1900 ST. JAMES PLACE, SUITE 500 HOUSTON, TEXAS 77056 TELEPHONE: (713) 621-8673 FACSIMILE: (972) 661-7702 E-MAIL: SDECF@BBWCDF.COM ATTORNEY FOR MOVANT |